UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL S. STEINMAN,

       Plaintiff,

       -vs-                                  07-CV-532-JTC

MORTON INTERNATIONAL, INC.,
f/k/a Morton Salt Company,
f/k/a New Moon International, Inc.,

MORTON SALT COMPANY, a division of
Morton International, Inc.,

NEW MORTON INTERNATIONAL, INC., and

ROHM AND HAAS COMPANY, INC.,

       Defendants.

---

MORTON INTERNATIONAL, INC.,

       Third-Party Plaintiff,

       -vs-

MERZ METAL & MACHINE CORP.,

       Third-Party Defendant.

---

In this action, brought under the common law of negligence and New York State Labor Law §§ 200, 240(1), and 241(6), plaintiff seeks damages to compensate for personal injuries allegedly sustained on July 12, 2004 while performing demolition work on behalf of his employer, Merz Metal & Machine Corp. ("Merz Metal"), at a salt mining facility owned and operated by defendant Morton International, Inc. ("Morton").

By decision and order entered November 19, 2010 ( Item 60 ), this court granted summary judgment in favor of Morton dismissing plaintiff's claim under Labor Law § 240(1). *Steinman v. Morton Intern., Inc.*, 756 F. Supp. 2d 314 (W.D.N.Y. 2010). Upon examining the undisputed evidence in the record on summary judgment, and tracing the development of the law regarding imposition of absolute liability under section 240(1) for injuries caused by objects falling from structures situated at the same level as the work site, the court found that the collapse of a portion of the wall plaintiff was in the process of demolishing was not the type of elevation-related accident that the statute was intended to guard against. *Id.* at 321-22. The court also granted summary judgment in favor of Morton to the extent it sought dismissal of plaintiff's claim under Labor Law § 241(6) predicated on a violation of 12 NYCRR 23-3.3(b)(3); denied Morton's motion in all other respects; denied plaintiff's cross-motion for summary judgment on his Labor Law § 240(1) claim; and denied Merz Metal's motion for summary judgment dismissing Morton's third-party claim for contractual indemnification.

Following an unsuccessful attempt at settlement of the remaining claims by referral for mediation in accordance with the court's Alternative Dispute Resolution Plan, plaintiff moved for an order certifying the court's dismissal of the Labor Law § 240(1) claim for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). *See* Item 68. That statute provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal

hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

As amply demonstrated by the issues raised in the parties' submissions on summary judgment, and as discussed by the court 's analysis of those issues in its November 17, 2010 decision, there is substantial ground for difference of opinion on the controlling question as to whether the injury suffered by plaintiff in this case involved the type of risk that Labor Law § 240(1) was intended to address. Accordingly, the court is of the opinion that an immediate appeal from the order dismissing this claim may materially advance the ultimate termination of the litigation, and plaintiff's request for certification of this issue for interlocutory appeal is therefore granted.

Further proceedings in this court shall be stayed pending notification of the circuit court's action on any application for appeal made under 28 U.S.C. § 1292(b).

So ordered.

\s\ John T. Curtin<br>
JOHN T. CURTIN<br>
United States District Judge

Dated: June 13, 2012
p:\pending\2007\07-532.jun11.2010