UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────────────

MICHAEL S. STEINMAN,

                              Plaintiff,                  **DECISION AND ORDER**

v.

MORTON INTERNATIONAL, INC., *et al.*                  07-CV-00532-JJM

                              Defendants.
───────────────────────────────────────────────

MORTON INTERNATIONAL, INC.,

                              Third-Party Plaintiff,

v.

MERZ METAL & MACHINE CORP.,

                              Third-Party Defendant.
───────────────────────────────────────────────

        In accordance with 28 U.S.C. §636(c), the parties have consented to jurisdiction by a United States Magistrate Judge [111].[1] Before me is the motion by third-party defendant Merz Metal & Machine Corp. ("Merz") to compel a second deposition and independent medical examination ("IME") of plaintiff pursuant to Fed.R.Civ.P. ("Rule") 30(a)(2)(A)(ii) and 35(a)(2)(A) [118]. Defendant Morton International, Inc. ("Morton International") joins in that motion. Hapeman Declaration [120].

        Familiarity with the relevant facts is presumed. For the following reasons, the motion is granted.

---

[1]    Bracketed references are to CM/ECF docket entries.

Case 1:07-cv-00532-JJM   Document 124   Filed 12/30/15   Page 2 of 5

## ANALYSIS

**A.  Entitlement to a Second Deposition**

Rule 30(a)(2)(A)(ii) requires leave of court to conduct a deposition where "the deponent has already been deposed in the case".  "Like most discovery disputes, the availability of a second deposition is left to the discretion of the trial court." Tri-Star Pictures, Inc. v. Unger, 171 F.R.D. 94, 101 (S.D.N.Y. 1997).  "The principles guiding the Court's discretion are those set forth in Rule 26(b)(2), which include whether the second deposition of the witness would be unnecessarily cumulative, whether the party requesting the deposition has had other opportunities to obtain the same information, and whether the burden of a second depositions outweighs its potential benefits." Hua Lin v. W & D Associates LLC, 2014 WL 5460826, *3 (D. Conn. 2014).

Merz argues that the "information sought is in no way cumulative or duplicative. Merz seeks to gather information to which it did not have access at the time discovery closed, namely the continued ways in which the alleged injuries affect Plaintiff's daily life and whether or not those injuries have progressed". Perley Declaration [123], ¶8.  For example, when asked at his November 19, 2008 deposition whether his mobility and pain level had remained constant, plaintiff testified that "it's gotten worse" ([118-6], p. 11), and plaintiff admits that his "medical records . . . tend to show [his] ongoing *and developing* restrictions and limitations as a result of the injuries sustained in the subject incident". Cooper Affidavit [121], ¶14 (emphasis added).

As Merz notes, "[p]laintiff's suggestion that Merz must merely turn to Plaintiff's medical records is an inadequate solution to [its] right to a full discovery process.  Medical

-2-

records provide a mere two-dimensional view of plaintiff's daily life". Perley Declaration [123], ¶10. "Indeed, there are strong reasons why a party will select to proceed by oral deposition rather than alternate means, most significantly the spontaneity of the responses." National Life Insurance. Co. v. Hartford Accident and Indemnity Co., 615 F.2d 595, 600 n. 5 (3d Cir. 1980); *see also* Mill-Run Tours, Inc. v. Khashoggi, 124 F.R.D. 547, 549 (S.D.N.Y. 1989) ("without oral deposition, counsel are unable to observe the demeanor of the witness and evaluate his credibility in anticipation of trial").

While plaintiff argues that "a second deposition . . . would be overly burdensome for Plaintiff and such burden would greatly outweigh any benefit to Defendants" (Cooper Affidavit [121], ¶14), he offers no specifics as to why a second deposition would be "overly burdensome". "A party opposing a discovery request cannot make conclusory allegations that a request is . . . unduly burdensome . . . . Instead the party resisting discovery must show specifically how each discovery request is . . . unduly burdensome." Obiajulu v. City of Rochester,  Department of Law, 166 F.R.D. 293, 295 (W.D.N.Y. 1996) (Feldman, M.J.).

Therefore, Merz and Morton International may conduct a second deposition of plaintiff, limited to the scope and effect of his injuries since the date of his original deposition. *See* Tri-Star Pictures, 171 F.R.D. at 102-03 ("because Jacobi has been deposed once, Leisure Time may not re-question him regarding any of the topics covered in his previous testimony, except where *necessary* to elicit new testimony regarding new claims and issues") (emphasis in original).

B.  **Entitlement to a Second IME**

Rule 35(a)(2)(A) authorizes a medical examination upon a showing of "good cause". The Rule "does not limit the number of independent medical examinations that may be ordered so long as good cause is shown for each exam." Sadler v. Acker, 263 F.R.D. 333, 336 (M.D. La. 2009). "[G]ood cause for ordering examination may be lacking if the party's mental or physical condition can be established by refer to a prior examination or other documentary evidence. However, if the party to be examined has alleged an ongoing injury or illness, a prior examination probably will not provide an adequate basis for evaluating the party's condition." 7 Moore's Federal Practice, §35.04[2] (Matthew Bender 3d ed.).

Merz's IME of plaintiff was conducted by Paul Mason, M.D. over six years ago, on September 18, 2009. Perley Declaration [123], ¶18. In his report dated November 30, 2009, Dr. Mason concluded that although plaintiff had "recovered very well from [the] injuries sustained", he had "developed post traumatic arthritis with complaints of pain and stiffness", that his prognosis was "fair", and that his degree of disability was "[p]ermanent, partial moderate". [118-7], p. 9 of 10.

The substantial lapse of time between the initial IME and now militates in favor of granting the motion. See Sadler, 263 F.R.D. at 336 ("[o]ne of the instances in which courts have found good cause to allow multiple examinations is where a substantial time lag occurs between the initial examination and trial"). Plaintiff's argument that Merz has been provided with ongoing medical records, including the reports of three additional IMEs by Workers Compensation physicians (Cooper Affidavit, ¶14) is unpersuasive. "[W]hile plaintiff has produced voluminous medical records and reports . . . this production does not necessarily negate

the defendant's interest in an independent examination of the plaintiff." Duncan v. Upjohn Co., 155 F.R.D. 23, 25 (D. Conn. 1994).

Moreover, I presume that at trial plaintiff's physician(s) will testify as to their ongoing examinations of plaintiff which, absent the opportunity for an updated IME, would place Merz and Morton International at a disadvantage. "It would be unfair to allow the plaintiffs' expert an opportunity to re-examine and re-test [plaintiff] . . . and not allow defendants' experts the same opportunity." Sadler, 263 F.R.D. at 336. *See also* Galieti v. State Farm Mutual Automobile Insurance Co., 154 F.R.D. 262, 263 (D. Colo. 1994) ("The previous . . . professionals have not seen Plaintiff for some period of time. Plaintiff's present . . . condition is at issue. A further evaluation . . . is appropriate").

Therefore, I conclude that the motion demonstrates good cause for a second IME of plaintiff.

## CONCLUSION

For these reasons, Merz's motion [118] is granted. A further conference will be held on January 15, 2016 at 11:00 am to discuss scheduling of the deposition, IME and trial.

Dated: December 30, 2015

     /s/ Jeremiah J. McCarthy
    JEREMIAH J. MCCARTHY
    United States Magistrate Judge